Filing # 17140589 Electronically Filed 08/15/2014 11:24:58 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

NILAKUMARI PATEL and AJITKUMAR      Case No.: 05-2012-CA-02692
CHIMAN PATEL, on behalf of themselves
and all others similarly situated

               CLASS REPRESENTATION

           Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"), A
CORPORATION ORGANIZED AND
EXISTING UNDER THE LAWS OF
THE UNITED STATES OF AMERICA,
ITS SUCCESSORS AND/OR ASSIGNS,
SUNTRUST MORTGAGE, INC.,
SETERUS, INC.,

           Defendants.

_____/

**CLASS ACTION CLAIM AND JURY TRIAL DEMAND**

1.     PLAINTIFFS, NILAKUMARI PATEL and AJITKUMAR CHIMAN PATEL, (hereafter

" Plaintiffs" or "Patel") individually and on behalf of all others similarly situated, through their

attorneys, sues DEFENDANTS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, (here-

after "Fannie Mae" or Defendant"), SUNTRUST MORTGAGE, INC. (hereafter, "Suntrust" or

Defendant") and SETERUS, INC. (hereafter, "Seterus" or Defendant") and for the complaint

alleges:

1



EXHIBIT
A

7.     Defendant Fannie Mae is incorporated as a foreign limited liability corporation in Florida with a principal place of business at 3374 Walden Avenue, Suite 120, Depew, Erie County, NY 14043. Its registered agent for service of process is C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Defendant is not registered in the state of Florida as a debt collector.

8.     Defendant Suntrust is foreign for profit corporation with its principal place of business located at 901 Semmes Avenue, Richmond, VA 23224. It's registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.     Defendant Seterus is a registered foreign for profit corporation with a principal place of business located at 3039 Cornwallis Road, Building 203, SSTE CC133, Research Triangle Park, NC 27709. It's registered agent is C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Defendant is not registered in the state of Florida as a debt collector.

## IV.   EXHIBITS

10.    Attached to this complaint are exhibits. The exhibits are incorporated and made a part hereof as Composite Exhibit "A" and are given Bates numbers on the bottom of each page. Any reference made to composite exhibit "A" shall be as follows: "Exhibit "A" Page ___"

## V.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.    Plaintiffs have complied with all conditions precedent to the filing of this action.

3

12.     Defendants regularly charge Florida consumers a late charge for defaulted monthly pay-
ments, after the debt has been accelerated by way of an acceleration statement in a complaint in a
foreclosure proceeding brought in the state of Florida. This post-acceleration late charge is ille-
gal pursuant to <u>Fowler v. First Fed. Sav. & Loan Ass'n</u>, 643 So.2d 30 , 33 (Fla. 1st DCA 1994),
"the bank [was] only entitled to late charges that accrued up until the day the note was accelerat-
ed.

13.     On April 27, 2005, the Patels obtained a mortgage loan for the purchase of their family
home secured by their homesteaded residence. (Exhibit A, Pages 6 - 28)  The note was signed by
Plaintiff Nilakumari Patel and the mortgage was signed by both Plaintiff Nilakumari Patel and
Plaintiff Ajitkumar Patel. This loan is the debt that is the subject of this action.  The original
Lender was Suntrust Mortgage, Inc.

14.     The Patels were unable to pay their mortgage, resulting in a foreclosure action being filed
by Suntrust Mortgage, Inc. (hereafter, "Suntrust") on February 17, 2012 in Orange County Cir-
cuit Court case number 48-2012-CA-002692-O.  (Exhibit A, Pages 1 - 28)  Suntrust stated in its
foreclosure complaint that Fannie Mae owned the note and that Suntrust was the servicer of the
loan.  (Exhibit A, Page 2)

15.     Suntrust claimed in its foreclosure complaint that default on the mortgage and note oc-
curred on April 1, 2011.  (Exhibit A, Page 2, paragraph 5)

4

16.     On the date of default (April 1, 2011), the mortgage loan was owned by Fannie Mae. However, on July 12, 2011, Fannie Mae caused a Corporate Assignment of Mortgage to be executed in favor of Suntrust in order for Suntrust to have the apparent authority and agency authority to enforce the debt against the Patels on behalf of Fannie Mae. (Exhibit A, Page _9_ )

17.     The entire sum due under the mortgage loan was accelerated in the foreclosure complaint. (Exhibit A, Page 2, paragraph 5)

18.     The subject promissory note provides for a monthly payment of principal and interest. Paragraph 3(B) of the subject promissory note provides that the initial monthly payment is $1,847.15. (Exhibit A, Page 6)

19.     Paragraph 6(A) of the subject promissory note provides that the lender is entitled to charge a late charge of 5% (five percent) of the overdue payment of principal and interest, if payment has not been received by the 15th day after the payment is due. (Exhibit A, Page 7)

20.     Paragraph 3(A) of the subject promissory note provides that payment is due on the 1st day of each month, beginning June 1, 2005. (Exhibit A, Page 6)

21.     Fannie Mae was entitled to collect a late charge until the debt was accelerated.

22.   The late charge on each missed monthly payment was $92.36 ($1,847.15 x .05 = $92.36).

23.   The period of time that a late charge could be legally assessed against the Patels was from April 1, 2011 through February 16, 2012, a period of 11 months.  The maximum legal late charge assessed that could legally be assessed was $1,015.93 (11 months times $92.36 = $1,105.93)

24.   October 1, 2013, servicing of the mortgage loan transferred to Seterus.  Seterus had authority as an agent of Fannie Mae to enforce the mortgage loan debt and to collect late fees/late charges.  (Exhibit A, Pages 29 - 39)

25.   On May 18, 2014, Seterus sent a notice to the Patels that indicated total charges of $8278.80.  (Exhibit A, Pages 40 - 41)  "Total charges" included a sum for late charges.  This notice was made with full authority and knowledge of Fannie Mae.

26.   On May 28, 2014, during a corporate representative deposition in the foreclosure action, Seterus provided to the Patels a document entitled "Seterus Loan Judgment Figures" which stated that the total charges were $8263.80. (Exhibit A, Pages 42 - 44)  This document and the authority to charge a late charge on behalf of Fannie Mae was made with full authority of Fannie Mae pursuant to a Limited Power of Attorney.  (Exhibit A, Pages 45 - 47)  Late charges were assessed through August 16, 2013.  (Exhibit A, Pages 52 - 57)

6

27.    In Seterus' Loan Judgment Figures document, Seterus indicated that total late charges were

$2,770.80. (Exhibit A, Page 43)  The late charge of $2,770.36 represents 30 months of late

charges. ($2,770.80 divided by $92.36 equals 30)  Fannie Mae knew that this late charge was

made on its behalf. As the Patels could only be legally charged for 11 months of late charges,

this represented 19 months of illegal late charges as those charges were assessed after the filing

of the foreclosure complaint. The foreclosure complaint was filed on February 17, 2012. Be-

cause late charges were assessed for 19 months after the complaint was filed, late charges were

assessed through August, 2013.  Because Suntrust was the loan servicer during that time period,

Suntrust had assessed these illegal late charges. This assessment was with the full knowledge

and authority of Fannie Mae.  When Seterus became the servicer of the mortgage loan on Octo-

ber 1, 2013, it did not correct the account to eliminate the illegal charges, but instead, presented

these illegal charges to the Patels for their collection on May 18, 2014, June 18, 2014 and on July

20, 2014. (Exhibit A, Pages 40 - 41, Pages 48 - 51)  These assessments were made with the full

knowledge and authority of Fannie Mae.

## VI.    CLASS REPRESENTATION ALLEGATIONS

28.    This is a class action brought pursuant to Rule 1.220(b)(1)(A) and 1.220(b)(1)(B) of the

Florida Rules of Civil Procedure.  Plaintiffs bring this action individually and on behalf of a

"Class" or "Class Members," defined as:

> All persons who are obligated on a mortgage loan secured by a residential
> mortgage on their family home, which loan is the subject of a foreclosure
> action in the State of Florida in which the debt is being collected by some
> one other than the original lender, and in which action Fannie Mae has
> assessed late charges after the filing of the foreclosure complaint.

7

29.   Excluded from the Class are any members of the judiciary to whom this case is assigned, their Court staffs and Plaintiffs' counsel.

A.   *Numerosity*

30.   Members of the Class are so numerous and geographically dispersed throughout Florida that joinder of all members is impracticable.

31.   While the exact number of Class members remains unknown at this time, upon information and belief, there are thousands of putative Class Members.

32.   The identities and addresses of Class Members can be readily ascertained from Defendant's records.

B.   *Predominance of Common Questions of Law and Fact*

33.   Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

    a.   Whether  Defendant's are entitled to charge a late charge after acceleration of the mortgage loan.

    b.   Whether assessing a late charge after acceleration of the mortgage loan debt is a violation of the FDCPA.

    c.   Whether assessing a late charge after acceleration of the mortgage loan debt is a violation of the FCCPA.

8

C.    *Typicality*

34.    The claims of Plaintiffs are typical of the claims of Class Members, in that Plaintiffs share

the aforementioned facts and legal claims or questions with Class Members, there is a sufficient

relationship between the harm to Plaintiffs and conduct by Defendant affecting Class Members,

and Plaintiffs have no interests adverse to the interests of other members of Class Members.

D.    *Adequacy*

35.    Plaintiff will fairly and adequately protect the interests of Class Members and is committed

to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced and compe-

tent in the prosecution of complex class actions including complex questions that arise in this

type of consumer protection litigation.

E.    *Superiority*

36.    A class action is superior to other methods for the fair and efficient adjudication of this

controversy, since individual joinder of all Class Members is impracticable and no other group

method of adjudication of all claims asserted herein is more efficient and manageable for at least

the following reasons:

  a.    The claim presented in this case predominates over any questions of law or
         fact, if any exists at all, affecting any individual member of the Class;

  b.    Absent a class, Class Members will continue to suffer damage and
         Defendants' unlawful conduct will continue without remedy;

  c.    Given the size of individual Class Members claims, few, if any Class
         Members could afford to or would seek legal redress individually for the wrongs
         Defendant committed against them, and absent Class Members have no
         substantial interest in individually controlling the prosecution of individual

9

actions;

d.    When the liability of Defendant has been adjudicated, claims of all Class
      Members can be administered efficiently and/or determined uniformly by the
      Court; and

e.    This action presents no difficulty that would impede its management by the
      Court as a class action, which is the best available means by which Plaintiff
      and Class Members can seek redress for the harm caused to them by
      Defendant.

37.   Defendant has utilized uniform procedures relating to the assessment of a late charge on
defaulted borrower's accounts, after foreclosure and by way of a foreclosure action.    Conse-
quently, Defendant has acted on grounds generally applicable to each Class Member herein,
thereby making appropriate relief with respect to the Class as a whole.  Moreover, the Defen-
dant's failure to comply with the FDCPA and FCCPA arise out of common omissions or misrep-
resentations.

38.   Because Plaintiffs seek injunctive relief and corresponding declaratory and equitable relief
for the entire Class, the prosecution of separate actions by individual Class Members would cre-
ate a risk of inconsistent or varying adjudications with respect to individual members of the
Class, which would establish incompatible standards of conduct for Defendant.  Further, bringing
individual claims would overburden the Courts and be an inefficient method of resolving the dis-
pute, which is the center of this litigation.  Adjudications with respect to individual members of
the Class would, as a practical matter, be dispositive of the interest of other members of the Class
who are not parties to the adjudication and may impair or impede their ability to protect their in-

terests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## VII
## ALLEGATIONS COMMON TO FDCPA COUNTS

39.  Plaintiff is a "Consumer" pursuant to the FDCPA in that he is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes, to wit: a mortgage loan on a personal residence.

40.  The debt at issue under the FDCPA was primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

41.  Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses the U.S. Mails in a business, the principal purpose of which is to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11

## VIII
## ALLEGATIONS COMMON TO FCCPA COUNTS

42.  Plaintiff is a "Consumer" pursuant to the FCCPA in that he is a natural person and was al-
legedly obligated to pay an obligation arising out of a transaction where the money, property or
insurance or services which were the subject of the transaction were primarily for personal, fami-
ly, or household purposes, to wit: a mortgage loan on a personal residence.

43.  The debt at issue under the FCCPA was primarily for personal, family, or household purpos-
es. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay
money arising out of a transaction in which the money, property, insurance, or services which are
the subject of the transaction are primarily for personal, family, or household purposes, whether
or not such obligation has been reduced to judgment." Fla. Stat. § 559.55(1).

44.  Defendant is a "debt collector" within the definition established by the FCCPA, Fla. Stat. §
559.55(6), in that it uses the U.S. Mails within this state in a business, the principal purpose of
which is to to regularly collect or attempt to collect, directly or indirectly, debts owed or due or
asserted to be owed or due another.

45.  Defendant is a "consumer collection agency" within the definition established by the FCC-
PA, Fla. Stat. § 559.55(7) in that it is a business entity which is engaged in the business of solicit-
ing consumer debts for collection or of collecting consumer debts.

12

46. Defendant is an "out-of-state consumer debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(8) in that its business activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in this state by means of the U.S. Mails originating from outside this state and also solicits consumer debt accounts for collection from creditors who have a business presence in Florida. Defendant regularly engages in the collection of consumer debts on behalf of many lenders as a mortgage loan servicer. Defendant is the loan servicer of the subject mortgage, and as such, is agent of all the named Plaintiff parties to the foreclosure.

47. Defendant is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

## IX.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### CLASS CLAIM - Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e)

48.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 41 above as if fully set forth herein.

49. 15 U.S.C. § 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> . . . .

50. Defendant Fannie Mae, Suntrust and Seterus' assessment of a late charge after acceleration of the mortgage loan debt is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2).

WHEREFORE, Plaintiffs pray for judgment against defendant Fannie Mae, Suntrust and Seterus as follows:

A. Declare the defendants conduct in violation of the FDCPA;
B. Enjoining defendants from continuing to violate the FDCPA;
C. Actual damages;
D. Statutory damages;
E. Court filing costs and service of process costs; and,
F. Attorney fees and costs.

## SECOND CAUSE OF ACTION
### CLASS CLAIM - Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692f)

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 41 above as if fully set forth herein.

52. 15 U.S.C. § 1692f states in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

14

53.   Defendant Fannie Mae, Suntrust and Seterus' collection of a late charge assessed after acceleration of the mortgage loan debt is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiffs pray for judgment against defendant Fannie Mae, Suntrust and Seterus as follows:

    A.   Declare the defendants conduct in violation of the FDCPA;
    B.   Enjoining defendants from continuing to violate the FDCPA;
    C.   Actual damages;
    D.   Statutory damages;
    E.   Court filing costs and service of process costs; and,
    F.   Attorney fees and costs.

## THIRD CAUSE OF ACTION
### CLASS CLAIM - Violations of the Florida Consumer Collection Practices Act
### (Violation of § 559.72(9))

54.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 38 and 42 - 47 above as if fully set forth herein.

55.   Florida Statutes § 559.72 provides:

In collecting consumer debts, no person shall:

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

56.   Defendant Fannie Mae, Suntrust and Seterus violated the FCCPA by claiming that the late charges assessed after acceleration of the mortgage loan are valid.

57.   Defendant Fannie Mae, Suntrust and Seterus violated the FCCPA by attempting to enforce the late charges assessed after acceleration of the mortgage loan.

15

WHEREFORE, Plaintiffs pray for judgment against defendant Fannie Mae, Suntrust and Seterus' as follows:

A.    Declare the Defendant's conduct in violation of the FCCPA;
B.    Enjoining Defendant from continuing to violate the FCCPA;
C.    Actual damages;
D.    Statutory damages;
E.    Court filing costs and service of process costs; and,
F.    Attorney fees and costs.

## FOURTH CAUSE OF ACTION
### CLASS CLAIM - Violations of the Florida Deceptive and Unfair Trade Practices Act
### (Violation of § 501.201, et. seq.)

54.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 27 and 42 - 47 above as if fully set forth herein.

55.    The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.  Section 501.204, Fla. Stat.

56.    At all relevant times, Defendants Fannie Mae, Suntrust and Seterus solicited, advertised, offered, and provided goods and services by providing and servicing residential mortgage loans in the state of Florida and thereby were engaged in trade or commerce as defined in Section 501.203, Fla. Stat.

57.    At all relevant times, Plaintiff and the members of the Class were consumers as defined by Section 501.203, Fla. Stat.

58.    Defendant Fannie Mae, Suntrust and Seterus' practice of charging a late charge after acceleration of the debt is unfair and deceptive.

16

59.     As a result of Defendant Fannie Mae, Suntrust and Seterus' unfair and deceptive prac-
tices, Plaintiffs were damaged.

        WHEREFORE, Plaintiffs demand a declaratory judgment that Defendants Fannie Mae,
Suntrust and Seterus violated the Act and an injunction enjoining future violations of the Act
pursuant to Section 501.211(1), Fla. Stat., actual damages for violation of the Act pursuant to
Section 501.211(2), Fla. Stat., monetary damages, an award of attorneys' fees and costs pursuant
to Sections 501.211(2) and 501.2105, Fla. Stat., and such other relief that this Court deems just
and proper.

**FIFTH CAUSE OF ACTION**
**INDIVIDUAL CLAIM - Violations of the FDCPA**
**(Violation of 15 U.S.C. § 1692e)**

60.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 27 and 39 - 41
above as if fully set forth herein.

61.     15 U.S.C. § 1692e states in relevant part:

        A debt collector may not use any false, deceptive, or misleading representation or
        means in connection with the collection of any debt. Without limiting the general
        application of the foregoing, the following conduct is a violation of this section:
        . . . .
        (2) The false representation of—
                (A) the character, amount, or legal status of any debt; or
        . . . .

62.     Defendant Fannie Mae, Suntrust and Seterus' assessment of a late charge after acceleration
of the mortgage loan debt is a false representation of the amount of the debt, in violation of 15
U.S.C. § 1692e(2).

        WHEREFORE, Plaintiffs pray for judgment against defendant Fannie Mae, Suntrust and
Seterus' as follows:

17

A.   Declare the defendants conduct in violation of the FDCPA;
B.   Enjoining defendants from continuing to violate the FDCPA;
C.   Actual damages;
D.   Statutory damages;
E.   Court filing costs and service of process costs; and,
F.   Attorney fees and costs.


## SIXTH CAUSE OF ACTION
## INDIVIDUAL CLAIM - Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692f)

63.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 27 and 39 - 41
above as if fully set forth herein.


64.   15 U.S.C. § 1692f states in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to
collect any debt. Without limiting the general application of the foregoing, the following
conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense
incidental to the principal obligation) unless such amount is expressly authorized
by the agreement creating the debt or permitted by law.


65.   Defendant Fannie Mae, Suntrust and Seterus' collection of a late charge assessed after ac-
celeration of the mortgage loan debt is a violation of 15 U.S.C. § 1692f(1).


WHEREFORE, Plaintiffs pray for judgment against defendant Fannie Mae, Suntrust and
Seterus as follows:

A.   Declare the  defendants conduct in violation of the FDCPA;
B.   Enjoining  defendants from continuing to violate the FDCPA;
C.   Actual damages;
D.   Statutory damages;
E.   Court filing costs and service of process costs; and,
F.   Attorney fees and costs.

## SEVENTH CAUSE OF ACTION
### INDIVIDUAL CLAIM - Violations of the Florida Consumer Collection Practices Act
### (Violation of § 559.72(9))

66.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 -  27 and 42 - 47 above as if fully set forth herein.


67.    Florida Statutes § 559.72 provides:

>    In collecting consumer debts, no person shall:
>    (9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.


68.    Defendant Fannie Mae, Suntrust and Seterus violated the FCCPA by claiming that the late charges assessed after acceleration of the mortgage loan are valid.


69.    Defendant Fannie Mae, Suntrust and Seterus violated the FCCPA by attempting to enforce the late charges assessed after acceleration of the mortgage loan.

WHEREFORE, Plaintiffs pray for judgment against defendant Fannie Mae, Suntrust and Seterus as follows:

A.    Declare the Defendant's conduct in violation of the FCCPA;
B.    Enjoining Defendant from continuing to violate the FCCPA;
C.    Actual damages;
D.    Statutory damages;
E.    Court filing costs and service of process costs; and,
F.    Attorney fees and costs.


## EIGHTH CAUSE OF ACTION
### INDIVIDUAL CLAIM - Violations of the Florida Deceptive and Unfair Trade Practices Act
### (Violation of § 501.201, et. seq.)

70.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 -  27 and 42 - 47 above as if fully set forth herein.

71.    The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders unlawful un-
fair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or
practices in the conduct of any trade or commerce.  Section 501.204, Fla. Stat.

72.    At all relevant times, Defendants Fannie Mae, Suntrust and Seterus solicited, advertised,
offered, and provided goods and services by providing and servicing residential mortgage loans
in the state of Florida and thereby were engaged in trade or commerce as defined in Section
501.203, Fla. Stat.

73.    At all relevant times, Plaintiffs were consumers as defined by Section 501.203, Fla. Stat.

74.    Defendant Fannie Mae, Suntrust and Seterus' practice of charging a late charge after ac-
celeration of the debt is unfair and deceptive.

75.    As a result of Defendant Fannie Mae, Suntrust and Seterus' unfair and deceptive prac-
tices, Plaintiffs were damaged.

    WHEREFORE, Plaintiffs demand a declaratory judgment that Defendants Fannie Mae,
Suntrust and Seterus violated the Act and an injunction enjoining future violations of the Act
pursuant to Section 501.211(1), Fla. Stat., actual damages for violation of the Act pursuant to
Section 501.211(2), Fla. Stat., monetary damages, an award of attorneys' fees and costs pursuant
to Sections 501.211(2) and 501.2105, Fla. Stat., and such other relief that this Court deems just
and proper.

## X.    DEMAND FOR TRIAL BY JURY

    Plaintiffs demand a trial by jury.

/s/ Rishmil Patel
Rishmil Patel, Esq. FBN 0085258
3700 Quebec St NW,

Washington, DC 20016
(407) 242-8391
E-Mail: rishmil7@gmail.com

*Counsel for Defendants*


/s/ James E. Orth Jr.
James E. Orth Jr. Esq.
FBN 75941
400 Orange Street
Titusville, FL 32796
Phone:  (321) 264-9624
Fax:     (866) 311-9573
jamesorthlaw@gmail.com

*Counsel for Defendants*


/s/ George Gingo
George Gingo FBN 879533
James E. Orth, Jr. FBN 75941
400 Orange Street
Titusville, FL 32796
(321) 264-9624
(866) 311-9573 (Fax)
jamesorthlaw@gmail.com
gingo.george@gmail.com

*Counsel for Defendants*

21