UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NILAKUMARI PATEL and
CHIMAN PATEL,

Plaintiffs,

CASE NO. 6:14-cv-1585-Orl-22GJK

vs.

**DISPOSITIVE MOTION**

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
SUNTRUST MORTGAGE, INC.,
and SETERUS, INC.,

Defendants.
_____________________________________/

**DEFENDANT SETERUS, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., and Local Rule 3.01, L.R. M.D. Fla., Defendant Seterus, Inc. ("Seterus"), by and through undersigned counsel, hereby moves the Court to enter an Order dismissing with prejudice all of the purported class and individual claims asserted in the Complaint filed by Plaintiffs Nilakumari and Chiman Patel (together, "Plaintiffs").

**INTRODUCTION**

Plaintiffs' entire Complaint is based on a fatally flawed premise: that Seretus violated Florida common law allegedly prohibiting a lender from charging late fees after acceleration of a mortgage loan by providing Plaintiffs' attorney, during state-court foreclosure proceedings, with two documents that included such charges. At most, Florida law only prohibits a lender from *collecting* such post-acceleration late fees in a final judgment of foreclosure. It does not prohibit a lender from *disclosing* such fees to the borrower where, as here, the borrower has a contractual

right to reinstate the loan by, *inter alia*, paying all sums due under the mortgage instruments, including post-acceleration, pre-reinstatement late fees. This fundamental flaw warrants dismissal of Plaintiffs' Complaint with prejudice.

Plaintiffs' Complaint suffers from several other incurable deficiencies as well. Their claims for violation of the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") are barred by Florida's litigation privilege, because those claims are expressly premised on conduct that occurred during state-court foreclosure proceedings. Similarly, their claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") fails as a matter of law, because communications with counsel are not within the ambit of FDUTPA's reach.

Nor does the foreclosure of a security interest implicate the protections of the FDCPA or FCCPA, because foreclosure proceedings do not involve the collection of debt. Likewise, FDUTPA does not apply in foreclosure proceedings, because foreclosure plaintiffs are not engaging in "trade or commerce."

The FDCPA and FDUTPA claims also fail for an additional reason: because Plaintiffs have not (and cannot) allege that the documents Seterus provided their attorney were misleading in a material way or that those documents caused Plaintiffs harm when they did not pay the late fees at issue. Finally, the FCCPA claims fail because Plaintiffs have not pled any facts showing that Seterus acted with "intent," as they must to state a claim for relief.

As a matter of pleading and of law, none of Plaintiffs' claims can survive these arguments, and their Complaint should be dismissed with prejudice.

**BACKGROUND**

The Complaint alleges that in April 2005, Plaintiffs obtained a mortgage from Defendant SunTrust Mortgage, Inc. for residential property in Orange County, Florida. Compl., ¶ 13.[1] The Plaintiffs defaulted on the loan on April 1, 2011, causing SunTrust to initiate foreclosure proceedings on February 17, 2012, and accelerate the entire amount due under the mortgage loan. Compl., ¶¶ 14, 16, 17. By the time of the filing of the foreclosure complaint, SunTrust had allegedly assigned the mortgage to Defendant Federal National Mortgage Association, but SunTrust continued to service the loan. Compl., ¶ 14. On October 1, 2013, Seterus allegedly took over as the servicer of Plaintiffs' mortgage loan. Compl., ¶ 24.

Plaintiffs' promissory note contains a clause providing that, in the event that a payment is not received by the lender within fifteen days of its due date, the lender is entitled to charge a late fee of 5% of the overdue payment. Compl., ¶ 19. The mortgage also contains a clause giving the borrower the right to reinstate the loan after acceleration if certain conditions are met:

> If Borrower meets certain condition, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) five days before the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for termination Borrower's right to termination; or (c) entry of a judgment enforcing this security instrument. Those conditions are that Borrower: (a) *pays Lender all sums which then would be due under this Security Instrument and the Notes as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument,

[1] For purposes of this Motion to Dismiss only, the Court and Seterus must accept the allegations of Plaintiffs' Complaint as true. *See Ironworkers Local Union No. 68 v. AstraZeneca Pharm. LP*, 585 F. Supp. 2d 1339, 1342 (M.D. Fla. 2008).

> and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.

*See* Compl., Composite Ex. A, pp. 21-22 (emphasis added).

In their Complaint, and as the entire predicate of their claims, Plaintiffs allege that a bank is "only entitled to late charges that accrued up until the day the note was accelerated." Compl., ¶ 12 (citing *Fowler v. First Fed. S. & L. Ass'n*, 643 So.2d 30 (Fla. 1st DCA 1994)). On this basis, Plaintiffs allege that Seterus impermissibly overstated the amount of late charges Plaintiffs owed on two occasions, both of which occurred during the foreclosure proceedings: (1) by sending an "Account Statement" to Plaintiffs' counsel that included an entry containing post-acceleration late charges,[2] and (2) by providing, during the course of a corporate representative deposition, a document titled "Seterus Loan Judgment Figures" that included post-acceleration late charges. Compl., ¶¶ 25-26. Plaintiffs do not allege that they ever paid the allegedly overstated late charges. *See generally* Compl.

**STANDARD OF REVIEW**

A claim should be dismissed if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to establish that it is plausible the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676. If a plaintiff fails to meet this governing standard, "the plaintiff's

---

[2] The Account Statement is addressed to Plaintiff Nilakumari Patel, but was mailed care of George M. Gingo, her attorney in the foreclosure proceedings as well as this lawsuit. *See* Compl., Composite Ex. A, p. 40.

complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008).

**ARGUMENT**

**1. Plaintiffs' Claims Fail Because the Documents Provided During the Foreclosure Proceedings Were Not False or Misleading**

Plaintiffs' claims are all based on a fundamental premise that is simply untrue: that Seterus violated Florida law by allegedly providing documents to Plaintiffs' counsel that called for the payment of post-acceleration late charges. Plaintiffs further assert that such conduct is sufficient to support the Florida and federal claims made in the Complaint. Plaintiffs are wrong.

At best (for Plaintiffs), Florida law only prohibits a lender from *collecting* post-acceleration late fees in a final judgment of foreclosure; it does not prohibit a lender from *disclosing* post-acceleration late fees to a borrower where, as here, a borrower has a right to reinstate the delinquent loan by paying, among other things, those very fees. In *Fowler v. First Fed. S. & L. Ass'n* – the case on which Plaintiffs' claims are exclusively based – a lender filed a foreclosure action and accelerated the amount due under the loan after the debtor ceased making the required monthly payments. 643 So.2d 30, 32 (Fla. 1st DCA 1994). A trial was held and the court entered a final judgment of foreclosure that included post-acceleration late fees. *Id.* On appeal, the debtor argued that the lower court erred in entering a judgment that included such fees. *Id.* at 33. The appellate court agreed, holding that a final judgment of foreclosure is only allowed to include "late charges that accrued up until the day the note was accelerated." *Id.*

*Fowler* does not prohibit a lender from charging post-acceleration late fees in all instances. To the contrary, *Fowler* only prohibits a lender from collecting a judgment with such fees. Other cases have followed this same logical principle. In *Rizzo v. Pierce & Associates*, for

instance, the lender filed a foreclosure action and accelerated the note after plaintiffs fell behind on their mortgage payments. 351 F.3d 791, 792 (7th Cir. 2003). Thereafter, plaintiffs invoked their contractual right to reinstate the mortgage by paying the outstanding balance (including post-acceleration late fees), and the foreclosure action was dismissed. *Id.* The *Rizzo* plaintiffs later learned that they paid late charges on the post-acceleration to pre-reinstatement period and filed an action to recover this amount, claiming that the post-acceleration late fees were improper. *Id.* The *Rizzo* court disagreed with the plaintiffs, holding that the charges were proper because the mortgage required their payment to reinstate the loan and explaining:

> The reinstatement provision of the mortgage language requires payment of *all sums* 'which would *then* be due *had no acceleration occurred.'* The effect of this, from the plain language of the instrument, is retroactive. In other words, the monthly payments are deemed to have been due each and every month on the dates set out in the mortgage and note. We find this language to unambiguously require plaintiffs to pay the late fees. It is undisputed that the [plaintiffs] did not make a certain number of monthly payments. Because of this failure, foreclosure was sought. In order to avoid foreclosure, the [plaintiffs] reinstated the mortgage. In so doing, plaintiffs had to pay 'all sums which would be then due under this Mortgage and the Note had no acceleration occurred.'

*Id.* at 793-94 (emphases in original; alterations and citations omitted).

The same relevant note provision exists here, and thus the same result obtains. As in *Fowler*, the mortgage at issue in this case contains a post-acceleration reinstatement provision, under which Plaintiffs can reinstate their loan as long as they, among other things, pay the "Lender all sums which then would be due under this Security Instrument and the Notes *as if no acceleration had occurred*." *See* Compl., Composite Ex. A, pp. 21-22 (emphasis added).[3] Given

[3] This reinstatement right was available to Plaintiffs at the time the documents at issue were provided to their counsel during the foreclosure proceeding. The mortgage expressly provides that the right to reinstate exists until the earlier of "(a) five days before the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for termination Borrower's right to termination; or (c)

Plaintiffs' contractual right, Seterus did not commit an actionable wrong by providing documents to Plaintiffs' counsel that accurately showed the amount due and owing on the loan, which includes the late fees Plaintiffs would have to pay to reinstate the loan.[4]

Because each of the claims in the Complaint is based on this erroneous premise, the Court should dismiss the claims with prejudice.

**2. Plaintiffs' Claims Fail Because the Allegedly Wrongful Conduct Occurred During the Course of the Foreclosure Proceedings**

Plaintiffs' FDUTPA and FCCPA claims also fail under Florida's litigation privilege because the conduct upon which these claims are based occurred during the course of judicial proceedings. Similarly, Plaintiffs' FDCPA claims fail because communications with a debtor's counsel during foreclosure proceedings is not actionable under the FDCPA.

***a. The FDUTPA and FCCPA Claims Are Barred by Florida's Litigation Privilege***

It is well-settled under Florida law that "absolute immunity [is] afforded to any act occurring during the course of a judicial proceeding [as] long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., v. United States*

---

entry of a judgment enforcing this security instrument." *See* Compl., Composite Ex. A, pp. 21-22.

Indeed, the foreclosure action remains pending, with no foreclosure judgment having been entered or foreclosure sale having been scheduled. *See* Orange County Clerk of Courts Court Records Search, http://myclerk.myorangeclerk.com/default.aspx (last viewed October 9, 2014). The Court can take judicial notice of this fact. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); *Floyd v. McDonough*, 2006 WL 1793539, at *1 (M.D. Fla. 2006) (taking judicial notice of information available on Florida court's online docket).

[4] To hold otherwise would lead to absurd results. If Plaintiffs had received documents during the foreclosure proceedings showing only the pre-acceleration late fees, then those documents would have misstated the amounts required to reinstate the loan.

*Fire Insurance Co.*, 639 So.2d 606, 608 (Fla. 1994).[5] Florida's litigation privilege covers "all acts related to and occurring within judicial proceedings" and "applies to the state-law claims adjudicated in federal court." *Jackson v. BellSouth Telecommunications,* 372 F.3d 1250, 1275 (11th Cir. 2004).[6]

The Florida Supreme Court has applied the litigation privilege to affirm the dismissal of claims under the FCCPA and FDUTPA in circumstances similar to those at bar. *See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So. 2d 380, 384 (Fla. 2007). In *Echevarria*, the "essence of the complaint was that the defendants acted unlawfully by asserting" an incorrect debt. *Id.* The Court held that FCCPA and FDUTPA claims were properly dismissed because the "litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Id.* Other courts have routinely done the same. *See, e.g., Acosta v. Gustino*, 2013 WL 6069862, at *7 (M.D. Fla. Nov.

---

[5] The Florida Supreme Court has explained the basis for the privilege as follows:

> In balancing policy considerations, we find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

*Levin*, 639 So. 2d at 608.

[6] Although the litigation privilege is an affirmative defense, Florida courts have "made it abundantly clear that [it] may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson*, 372 F.3d 1250 (11th Cir. 2004) (affirming dismissal of state law claims on the basis of the litigation privilege) (internal citations and quotation marks omitted). Such is the case here.

18, 2013) (dismissing FCCPA and FDUTPA claims based on Florida litigation privilege); *Gaisser v. Portfolio Recovery Associates, LLC*, 571 F. Supp 2d 1273, 1280 (S.D. Fla. 2008) (dismissing FCCPA claim because the alleged conduct "clearly relates to a judicial proceeding"); *Pack v. Unifund CCR Partners, G.P.*, 2008 WL 686800, *6 (M.D. Fla. Mar. 13, 2008) (dismissing FCCPA claim based on conduct that "necessarily occurred during a judicial proceeding and is related to such proceeding").

Here, the Complaint's allegations of wrongful conduct fall squarely within the reach of the litigation privilege. According to Plaintiffs' allegations, Seterus provided the two documents allegedly containing improper late fees *during* state court foreclosure proceedings, and as an integral part thereof. Litigation immunity squarely applies, and the FCCPA and FDUTPA claims thus fail as a matter of law.

***b. Plaintiffs' FDCPA Claims Are Barred Because Communications with Counsel Are Not Protected by the FDCPA***

For similar reasons, Plaintiffs' claims under the FDCPA are equally without merit. The general rule is that communications with a debtor's lawyer are not actionable under the FDCPA. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2nd Cir. 2002). This is so "because Congress viewed attorneys as intermediaries able to bear the brunt of [alleged] overreaching debt collections practices from which debtors should be protected." *Guerrero*, 499 F.3d at 934. Thus, when "an attorney is interposed as an intermediary between a debt collector and a consumer, [courts] assume the attorney, rather than the FDCPA, will protect the consumer from [any] fraudulent or harassing behavior." *Kropelnicki*, 290 F.3d at 128.

Courts in this District have routinely dismissed FDCPA claims premised on an allegation that the alleged debt collector engaged in misleading conduct toward the debtor's attorney. For example, the *Holliston* court held that an allegedly deceptive payoff letter sent to plaintiff's counsel could not give rise to liability "under the FDCPA since it was sent to Plaintiff's attorney and not directly to Plaintiff himself." *See Holliston v. Florida Default Law Group, P.L.*, 2008 WL 8946060, at *5 (M.D. Fla. Mar. 13, 2008); *see also Miljkovic v. Shafritz & Dinkin, P.A.*, 2014 WL 3587550, at *4 (M.D. Fla. July 18, 2014) (holding that debtor's claim that a collector violated the FDCPA by filing a misleading sworn report in the course of state-court garnishment proceedings was not actionable because the report was "filed with and directed at the state court"). Here, because the documents containing the alleged overstated late charges were provided to Plaintiffs' counsel during litigation, *see* Compl., ¶¶ 25-26, Plaintiffs' FDCPA claims fail as a matter of law.

**3. Plaintiffs' Claims Fail Because the Foreclosure of a Security Interest Does Not Implicate the Protections of the FDCPA, FCCPA, or FDUTPA**

FDUTPA prohibits the use of unfair or deceptive practices in the conduct of any "trade or commerce," which is defined to include the "advertising, soliciting, providing, offering, or distributing . . . of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Courts considering the issue have consistently held that actions taken during the course of judicial foreclosure proceedings do not qualify as "trade or commerce." *See Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012) (citing cases); *State, Office of Att'y Gen. v. Shapiro & Fishman, LLP*, 59 So.3d 353, 356 (Fla. 4th DCA 2011) (law firm allegedly fabricating false documents for use in foreclosure cases was not engaged in trade or commerce

for purposes of FDUTPA); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007) (obtaining a "legal interest in a note from third party lenders" and "proceed[ing] to foreclosure" does not "fall within the purview of 'trade or commerce'").

Nor does the filing of a foreclosure action give rise to potential liability under the FDCPA. The FDCPA prohibits certain conduct by a "debt collector," a term statutorily defined to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An "enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property, falls outside the ambit of the FDCPA." *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x. 458, 460 (11th Cir. 2009). This is so because "foreclosing on a mortgage is distinct from the collection of the obligation to pay money. Payment of funds is not the object of the foreclosure action." *Trent*, 618 F. Supp. 2d at 1360.

Just as with the FDCPA, "a foreclosure lawsuit is not a debt collection practice under § 559.72 of the FCCPA." *Trent*, 618 F. Supp. 2d at 1361; *Cowan v. MTGLQ Investors, L.P.*, 2011 WL 2462044, at *3 (M.D. Fla. June 17, 2011) ("foreclosing on a home is not debt collection pursuant to the FDCPA and thus, one cannot state a claim under the FDCPA or FCCPA based on a foreclosure action"). The rule is such because "the FCCPA, like the FDCPA, is to eliminate abusive and harassing tactics in the collection of debts[,] [not] preclude a creditor or someone

otherwise holding a secured interest from invoking legal process to foreclose." *Trent,* 618 F. Supp. 2d at 1361.

Here, each of Plaintiffs' claims is based on Seterus's alleged misstatement of late fees during the course of foreclosure proceedings in state court. There is no allegation in the Complaint that Seterus was attempting to collect a debt during those proceedings.[7] Under these circumstances, none of the statutory regimes under which Plaintiffs seek to travel allows such claims to be validly made. Plaintiffs thus fail to state a claim for relief under any of those statutory regimes, and all such claims should be dismissed.

**4. Plaintiffs' FDCPA and FDUTPA Claims Fail Because the Complaint Lacks Allegations of Materiality and Damages**

Plaintiffs' FDCPA claims also fail as a matter of law because Plaintiffs have not pled any facts plausibly suggesting that the purported false or misleading late charges were material. Likewise, Plaintiffs' FDUTPA claims fail as a matter of law because Plaintiffs do not (and cannot) allege that they were damaged by the alleged assertion of late fees that Plaintiffs did *not* pay.

***a. The Alleged Miscalculations Were Not Material***

The FDCPA does not provide for liability for "every false statement made by a debt collector," but instead requires that the statement be false or misleading "in some material way." *Stanley v. Ideal Collection Servs., Inc.*, 2013 WL 4496501, at *3 (S.D. Fla. Aug. 20, 2013);

[7] Although some courts recognize potential liability under the FDCPA where a party both forecloses on a security interest and attempts to collect a debt, *see Reese v. Ellis, Painter, Ratterre & Adams, LLP*, 678 F.3d 1211, 1216-19 (11th Cir. 2012), here there is no allegation that Seterus made any efforts to collect the debt at issue beyond foreclosing on the interest securing same (*i.e.*, the property). And to this point, the foreclosure complaint that is attached to Plaintiffs' Complaint contains only a single count, which does not seek damages. *See* Compl., Composite Ex. A, pp. 1-5.

*Johnson v. Credit Prot. Ass'n, L.P.*, 2012 WL 5875605, at *5 (S.D. Fla. Nov. 20, 2012) (dismissing a FDCPA claim because there was "nothing materially false" about defendants' conduct). A materially misleading or false statement is one that "influence[s] a consumer's decision or ability to pay or challenge a debt." *Miljkovic*, 2014 WL 3587550, at *8.

A statement is not material for purposes of the FDCPA where plaintiff was "represented by an attorney . . . who could explain to him the legal basis for the allegedly false representation" and where plaintiff failed to allege the misstatement caused "confusion about the validity or amount of the debt or otherwise impeded his ability to pay or challenge it." *Miljkovic*, 2014 WL 3587550, at *8. Nor is a false statement material where it did not affect plaintiff's "understanding of her rights under the FDCPA." *Stanley*, 2013 WL 4496501, at *3 (no FDCPA violation where defendant did not report a debt to a collection agency within the time period represented to the consumer); *see also Donohoe v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (concluding that false but non-material representations are not actionable under FDCPA); *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (finding no violation of the FDCPA when a demand letter miscalculated the amount of principal and interest due because the violation was as a "hypertechnical [violation] at best")

Here, Plaintiffs have failed to allege how the documents Seterus provided to their counsel affected their decision or ability to pay or challenge the debt at issue, or otherwise caused them confusion over the amount of money they owed. Indeed, the situation is quite the opposite: Plaintiffs are represented by the *same* counsel here and in the foreclosure proceedings, and said counsel has filed *this suit* to challenge the late fees in question. Based on these circumstances,

there can be no alleged "confusion" or "impediment" to challenging these fees, and as a matter of law, any alleged misstatement by Seterus was not material.

***b. Plaintiffs Have Suffered No Damages***

Plaintiffs' FDUTPA claims fail as a matter of law because Plaintiffs have not pled any facts plausibly suggesting that they were harmed by Seterus's alleged overstatement of the amount of late charges. A plaintiff asserting a FDUTPA claim "may recover only actual damages incurred as a consequence of a violation of the statute." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008) (citations omitted). "FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. 2d DCA 2006).

Courts have consistently held that a conclusory assertion of damages is insufficient to state a FDUTPA claim. *See Haun v. Don Mealy Imports, Inc.*, 285 F. Supp. 2d 1297, 1307-08 (M.D. Fla. 2003) (dismissing FDUTPA claim because "conclusory statements of 'direct and proximate result' do not state an element" of a FDUTPA claim). Instead, to state a viable FDUTPA claim, a plaintiff must "plausibly allege that he suffered damages." *See Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011) (dismissing plaintiff's FDUPTA claim because the allegations of damages were implausible).

Here, Plaintiffs have not alleged that they were damaged in any way by the fact that Seterus allegedly overstated the amount of late charges they owed. Nor could they. It is undisputed that Plaintiffs did not pay – and have not paid – the late fees at issue. Plaintiffs' FDUTPA claims must therefore be dismissed for want of damages.

**5. Plaintiffs Have Failed to Plead Knowledge or Intent in Support of Their FCCPA Claims**

In addition, Plaintiffs' FCCPA claims fail as a matter of law because they have failed to allege that Seterus intentionally attempted to collect late charges to which it was not entitled. The FCCPA prohibits any person from claiming a debt when it "*knows* that the debt is not legitimate" or asserting a legal right when it "*knows* that the right does not exist." Fla. Stat. § 559.72(9) (emphases added). The "use of the word 'knows'" in the FCCPA "requires actual knowledge of the impropriety or overreach of a claim." *In re Lamb*, 409 B.R. 534, 541 (Bankr. N.D. Fla. 2009). To plead a FCCPA claim, a plaintiff must allege sufficient plausible facts to show that the "defendant possessed actual knowledge that the debt is illegitimate or asserts a legal right that does not exist." *Owens v. Ronald R. Wolf & Associates, P.L.*, 2013 WL 6085121, at *4 (S.D. Fla. Nov. 19, 2013); *see Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (merely "pleading that Defendant had knowledge is not enough" to assert a claim under the FCCPA).

Here, the Complaint fails to allege that Seterus intentionally attempted to collect late fees to which it knew it was not entitled.[8] Like the various others, this pleasing deficiency, too, requires dismissal of the Complaint. *See, e.g., Bryant v. Credit Adjustments, Inc.*, 2011 WL 902009, at *3 (S.D. Fla. Mar. 14, 2011) (granting the defendant's motion for summary judgment because the plaintiff presented no evidence that the defendant had actual knowledge that the debt was illegitimate); *Cavanaugh v. HSBC Card Services Inc.*, 2010 WL 3746260, at *2 (M.D. Fla. Sept. 22, 2010) (same).

---

[8] Of course, Plaintiffs would be hard-pressed to make such allegation, given that a proper reading of case law and the terms of the promissory note confirms that such late fees were properly included in the documents upon which Plaintiffs rely. *See supra* at pp. 5-7.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order granting this Motion and dismissing the Complaint with prejudice.

Dated: October 13, 2014

Respectfully Submitted,

By: */s/ Allen P. Pegg*

Allen P. Pegg
allen.pegg@hoganlovells.com
Fla. Bar No.: 597821
Jason D. Sternberg
jason.sternberg@hoganlovells.com
Fla. Bar. No.: 72887

**HOGAN LOVELLS US LLP**
600 Brickell Ave, Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

CASE NO. 6:14-cv-1585-Orl-22GJK

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| George Gingo<br>James E. Orth, Jr.<br>Rishmil Patel<br>400 Orange Street<br>Titusville, FL 32796<br>Tel: (321) 264-9624<br>jamesorthlaw@gmail.com<br>gingo.george@gmail.com<br>rishmil7@gmail.com<br><br>*Attorneys for Plaintiffs* | David S. Hendrix<br>Christian M. Leger<br>GrayRobinson<br>PO Box 3068<br>Orlando, GL 32802<br>Tel: (407) 843-8880<br>Hendrix.litigation@gray-robinson.com<br>Christian.Leger@gray-robinson.com<br><br><br>*Attorney for SunTrust Mortgage, Inc.* |

By: */s/ Allen P. Pegg*
Allen P. Pegg
allen.pegg@hoganlovells.com
Fla. Bar No.: 597821