UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NILAKUMARI PATEL and**
**AJITKUMAR CHIMAN PATEL,**

       **Plaintiffs,**

**v.**                                     **Case No: 6:14-cv-1585-Orl-41GJK**

**SETERUS, INC.,**

       **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss First Amended Complaint (Doc. 34) and Plaintiffs' Response in Opposition (Doc. 42). For the reasons stated herein, Defendant's Motion to Dismiss will be granted in part.

### I. BACKGROUND

Plaintiffs obtained a mortgage loan from Suntrust Mortgage, Inc. in 2005 for the purchase of their home. (Am. Compl., Doc. 31, ¶ 11). In conjunction with the loan, Plaintiffs signed a Mortgage and a Note[1] containing the terms of the parties' repayment agreement. (Note, Doc. 31-1, at 6–8; Mortgage, Doc. 31-1, at 10–15 & Doc. 31-2, at 1–10). Plaintiffs allegedly defaulted on the loan in April 2011, and a foreclosure proceeding was commenced in state court in February 2012. (Am. Compl. ¶¶ 12–13). In the foreclosure proceeding, the debt was accelerated and the full amount payable under the Note and Mortgage was declared to be due. (*Id.* ¶ 14).

---

[1] The Note was transferred to Federal National Mortgage Association sometime between 2005 and 2012. (Am. Compl. ¶ 12).

Defendant is a mortgage servicing company. (*Id.* ¶ 9). On October 1, 2013, Defendant became the servicer of Plaintiffs' loan with the authority to enforce the loan through the assessment and collection of charges. (*Id.* ¶ 21). Between May and July of 2014, Defendant sent Plaintiffs' counsel communications regarding sums due on Plaintiffs' loan. (*Id.* ¶¶ 22, 24, 26–27). These sums allegedly include post-acceleration late fees. (*Id.* ¶ 25). Plaintiffs filed this case alleging that Defendant's communications violate federal and state debt collection laws. Specifically, Plaintiffs assert that Defendant's communications regarding Plaintiffs' loan violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–.785.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  ANALYSIS

Plaintiffs assert violations of 15 U.S.C. § 1692e (Counts I and IV), which prohibits false and misleading representations, and § 1692f(1) (Counts II and V) and section 559.72(9), Florida Statutes (Counts III and VI), which prohibit attempts to collect unlawful debts.[2] Plaintiffs allege that Defendant sent communications that contained false and misleading information and misstated the character of the debt. Plaintiffs also argue that Defendant cannot legally recover post-acceleration late fees in Florida and that Defendant's representations that such fees were due violated Plaintiffs' rights under both state and federal law.

#### A.   Actionable Communications Under the FDCPA

Plaintiffs' claims are based on representations contained in three Account Statements, a document titled "Seterus Loan Judgment Figures," and a Customer Account Activity Statement. Plaintiffs' Amended Complaint alleges that the three Account Statements were mailed to Plaintiffs' counsel and that the Seterus Loan Judgment Figures and Customer Account Activity Statement were produced to counsel during the deposition of Defendant's corporate representative taken in the state court foreclosure action. (Am. Compl. ¶¶ 22, 24, 26–27). Defendant argues that communications with the debtor's lawyer cannot form the basis of an FDCPA claim.

Courts are split on whether a communication made only to a debtor's attorney can ever be the basis for a claim under the FDCPA. Although the Eleventh Circuit has yet to consider the issue, the Second and Ninth Circuits have stated that communications to a debtor's attorney are not

---

[2] Plaintiffs' Amended Complaint alleges both individual and class action claims. The individual claim and corresponding class action claim are substantively identical.

actionable, *Kropelnicki v. Siegel*, 290 F.3d 118, 127–28 (2d Cir. 2002); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936 (9th Cir. 2007), while the Third, Fourth, and Seventh Circuits have held that they can be actionable, *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232–33 (4th Cir. 2007); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007). Courts in this district are likewise divided. *Compare Monroe v. Citimortgage, Inc.*, No. 8:07-cv-0066-SCB-TGW, 2007 WL 2071284, at *4 (M.D. Fla. July 19, 2007), *and Rosario v. Am. Collective Counseling Servs., Inc.*, No. 2:01-cv-221-FtM-29DN, 2001 WL 1045585, at *2 (M.D. Fla. Aug. 27, 2001), *with Brazier v. Law Offices of Mitchell N. Kay, P.C.*, No. 8:08-cv-156-T-17MAP, 2009 WL 764161, at *2 (M.D. Fla. Mar. 19, 2009), *and Holliston v. Fla. Default Law Grp., P.L.*, No. 8:07-cv-336-T-26EAJ, 2008 WL 8946060, at *5 (M.D. Fla. Mar. 13, 2008). Contrary to the arguments of either party, no bright line exists; whether a communication is actionable depends upon the intended recipient of the message.

The FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The definition of communication is broad and does not carve out an exception for communications that reach the debtor only through his counsel. Such a carve-out would undermine the purpose of the FDCPA because it would allow debt collectors to engage in prohibited conduct—such as making false and harassing statements to consumers—so long as they did so through the debtor's attorney.

However, this does not end the Court's inquiry because, despite the breadth of the definition of communication, actionable communications are limited to those that fall within the scope of protections contemplated by the statute. In the FDCPA, Congress stated its finding that "[e]xisting laws and procedures" were "inadequate *to protect consumers*" from abusive debt

collection practices. *Id.* § 1692(b) (emphasis added). Accordingly, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action *to protect consumers* against debt collection abuses." *Id.* § 1692(e) (emphasis added). The plain language of the statute shows that the goal of the FDCPA is consumer protection. It is the "cardinal rule that a statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) (citation omitted). Therefore, the Court must read the definition of communication as limited by the purpose of the statute—protection of consumers. Thus, actionable communications under the FDCPA include only communications that are targeted at the consumer, either directly or indirectly.[3]

"The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term consumer does not encompass the debtor's attorney. Consumers and attorneys are treated differently under the FDCPA. *Guerrero*, 499 F.3d at 935 ("A consumer and his attorney are not one and the same for purposes of the [FDCPA]. They are legally distinct entities, and the [FDCPA] consequently treats them as such."). Consequently, providing a communication to the attorney does not automatically mean that the communication is being directed at the consumer. Only communications that are intended to convey information to the consumer can give rise to FDCPA liability. Communications produced to the debtor's attorney for

---

[3] Other courts support the notion that where a communication is not intended to reach the consumer, it is not an actionable communication under the FDCPA. *See Guerrero*, 499 F.3d at 936 ("[C]ommunications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the [FDCPA]." (footnote omitted)); *see also Brazier*, 2009 WL 764161 at *2 ("Communications directed solely to a debtor's attorney are not actionable under the FDCPA.").

the sole purpose of conveying information to the attorney, fall outside the scope of the FDCPA. Thus, in order to support an FDCPA claim a communication must direct information at the consumer and that information must be sufficient to state a plausible claim under the FDCPA.

The Account Statements are potentially actionable under the FDCPA. First, the Account Statements are addressed to Plaintiffs, care of their attorney. (May 18, 2014 Account Statement, Doc. 31-3, at 10–11; June 18, 2014 Account Statement, Doc. 31-4, at 3–4; July 20, 2014 Account Statement, Doc. 31-4, at 5–6).[4] Additionally, the Account Statements contain loan repayment information and seek to collect an amount on the loan from Plaintiffs. (May 18, 2014 Account Statement at 10). Construing the Account Statements in the light most favorable to Plaintiffs, these documents were intended to be received by, and to convey information to, Plaintiffs.

On the other hand, the Customer Account Activity Statement (Doc. 31-4, at 8–12) and Seterus Loan Judgment Figures (Doc. 31-3, at 12–13) were not directed to Plaintiffs and cannot form the basis of an FDCPA claim. Both documents were produced to Plaintiffs' counsel during the sworn deposition of Defendant's corporate representative. (Am. Compl. ¶ 24). Neither document is addressed to Plaintiffs, and neither document contains language indicating that it was intended to be provided to Plaintiffs. The intent of these documents was to communicate information to Plaintiffs' counsel—as requested—in the course of a deposition, not to provide information regarding a debt to a consumer. Accordingly, these two documents fall outside the scope of the FDCPA and cannot form the basis of a claim thereunder.

B. **False and Misleading Statements (15 U.S.C. § 1692e)**

---

[4] Aside from the total amount allegedly due, the three Account Statements are identical. Accordingly, for ease of reference, subsequent pinpoint citations will be to the May 18, 2014 Account Statement but will encompass all three documents.

Plaintiffs allege that Defendant violated § 1692e(2) and (10)[5] by providing false and misleading statements in the Account Statements and by misstating the character of the debt as not including post-acceleration late charges. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Further, the statute specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A), (10).

The Amended Complaint sufficiently pleads a claim for violation of § 1692e. Defendant only argues that the Account Statements do not violate § 1692e because Defendant was contractually entitled to assess post-acceleration late fees, and therefore, the inclusion of such fees in the Account Statements was not false. Defendant's argument, however, misses the mark. Plaintiffs' § 1692e claims are not based on Defendant's right to collect such fees, but rather are based on the manner in which the Account Statements represented such fees. Plaintiffs allege that the Account Statements violate § 1692e because they "misstate[] the character of the debt as not including post-acceleration late charges" and "deceptively hid[e] post-acceleration late charges." (Am. Compl. ¶¶ 50, 66). Defendant has not challenged these allegations, and the well-pleaded facts satisfy Plaintiffs' pleading burden under the FDCPA. Therefore, as to Plaintiffs' § 1692e(2) and (10) claims, Defendant's Motion to Dismiss will be denied.

### C.   Illegitimate or Unlawful Debt (15 U.S.C. § 1692f & Fla. Stat. § 559.72)

---

[5] Plaintiffs also allege the Account Statements violate § 1692e(8) because they were communicated to a third-party, *to wit*, Plaintiffs' attorney. This claim is devoid of any merit. Pursuant to § 1692c(a)(2), "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt." A debt collector cannot be held liable for a violation of § 1692e(8) simply for complying with § 1692c(a)(2).

Plaintiffs' remaining counts purport to state causes of action under 15 U.S.C. § 1692f(1) and subsection 559.72(9), Florida Statutes, both of which prohibit debt collectors from attempting to collect a debt to which there is not a contractual or legal right. Plaintiffs assert that Defendant's attempted to collect post-acceleration late fees and that collection of such fees is unlawful in Florida. Defendant, conversely, argues that the Mortgage expressly authorizes the collection of post-acceleration late fees if Plaintiffs reinstate the loan, which was still a possibility at the time the subject collection efforts were made.

Plaintiffs have not cited any statute that forbids the collection of post-acceleration late fees. In support of their contention that collection of a post-acceleration late fee is unlawful in Florida, Plaintiffs rely solely on *Fowler v. First Federal Savings & Loan Ass'n of Defuniak Springs*, 643 So. 2d 30 (Fla. 1st DCA 1994), in which Florida's First District Court of Appeal remanded a foreclosure case where the judgment included post-acceleration late fees. *Id.* at 33. The court held that the foreclosing party was "only entitled to late charges that accrued up until the day the note was accelerated" because once the note was accelerated, monthly payments were no longer coming due and therefore, late fees could not continue to accrue. *Id.* However, the *Fowler* court did not hold that post-acceleration late fees could never be collected, only that such fees could not be collected in that case as part of a final judgment of foreclosure. The *Fowler* court also did not address the parties' agreement or any right to reinstate the loan. Thus, *Fowler* is of limited value.

However, the Mortgage provides a contractual basis for the collection of post-acceleration late fees. In relevant part, the Mortgage at issue in this case provides for reinstatement of the loan if the borrower "pays Lender all sums which then would be due under [the Mortgage] and the Note as if no acceleration had occurred." (Mortgage, Doc. 31-2, at 7). The clause "as if no acceleration had occurred" gives a noteholder the legal right to treat the note as if it had not been accelerated

for purposes of reinstatement. Had no acceleration occurred, monthly payments would have continued to become due, and the noteholder would have been entitled to assess late fees on those sums that were past due. Accordingly, "if no acceleration had occurred" Plaintiffs would be obligated to pay late fees in order to exercise their right of reinstatement. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 793–94 (7th Cir. 2003) (holding that similar language effectively acted as an agreement to pay post-acceleration late fees when seeking to reinstate a loan). Thus, Defendant had a contractual and legal right to require payment of post-acceleration late fees if Plaintiffs reinstated the loan. Consequently, so long as Plaintiffs still retained the right to reinstate, attempts to collect post-acceleration late fees were not unlawful.

1. *FDCPA (§ 1692f)*

Counts II and V purport to state a cause of action for violation of 15 U.S.C. § 1692f. Subsection 1692f(1) prohibits a debt collector from using any "unfair or unconscionable means to collect . . . any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The Mortgage expressly authorizes the collection of post-acceleration late fees in connection with the reinstatement of the loan. At the time the Account Statements were sent, Plaintiffs still had a right to reinstate. Accordingly, Counts II and V fail to state a cause of action and will be dismissed with prejudice.[6]

2. *FCCPA (section 559.72)*

Counts III and VI allege a violation of subsection 559.72(9), Florida Statutes. Subsection 559.72(9) prohibits any person from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt

---

[6] "[T]he court need not grant leave [to amend the complaint] where the amendment would be futile." *Cox v. Mills*, 465 F. App'x 885, 889 (11th Cir. 2012). "An amendment is futile where the complaint as amended would still be subject to dismissal." *Id.*

when such person knows that the debt is not legitimate." As noted previously, Defendant has a contractual right to seek post-acceleration late fees; therefore, Defendant is not alleged to have attempted to collect or take other action with respect to an illegitimate debt. Thus, Plaintiffs' claims for violation of subsection 559.72(9) fail to state a cause of action and will be dismissed with prejudice.

### IV.  CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 34) is **GRANTED in part**.

2. Counts I and IV are **DISMISSED with prejudice** insofar as they rely on the Seterus Loan Judgment Figures and Customer Account Activity Statement, and insofar as they allege violations of 15 U.S.C. § 1692e(8). In all other respects, Counts I and IV remain pending in this case.

3. Counts II, III, V, and VI are **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record